**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:08CV-00135-TBR**
**CRIMINAL ACTION NO. 1:06CR-00024-TBR**

**COLIN CARPENTER**                                                    **MOVANT/DEFENDANT**

**VS.**

**UNITED STATES OF AMERICA**                                **RESPONDENT/PLAINTIFF**

FINDINGS OF FACT, CONCLUSIONS OF LAW
AND RECOMMENDATION

BACKGROUND

The movant/defendant, Colin Carpenter ("Carpenter"), proceeding *pro se*, has filed a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255 (DN 500). The District Judge referred this matter to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), for an evidentiary hearing, if deemed appropriate, and findings of fact and recommendations for disposition (DN 505).

The respondent/plaintiff, United States of America ("United States"), has filed a motion to dismiss (DN 506). Carpenter has filed a memorandum in response (DN 508). This matter is now ripe for determination.

FINDINGS OF FACT

On May 3, 2006 a federal Grand Jury in the Western District of Kentucky issued a multiple count indictment charging ten individuals with drug offenses including an overall

conspiracy (DN 15, Sealed Document). On July 12, 2006 the Grand Jury returned a superseding indictment that charged eight people, including Carpenter, with multiple drug offenses (DN 146). Count 1 of the superseding indictment charged between June 1, 2003 and February 17, 2006 Carpenter and the seven other defendants were involved in a conspiracy to manufacture 50 grams or more of crack cocaine, to distribute 50 grams or more of crack cocaine, to distribute 5 kilograms or more of cocaine, and to distribute marijuana (DN 146). Counts 5, 6, and 25 charged Carpenter with substantive drug offenses (DN 146). Count 28 is a forfeiture count that applied to Carpenter and the other seven defendants (DN 146).

Carpenter entered into a plea agreement with the United States (DN 165). The plea agreement includes a provision whereby Carpenter waived his right to directly appeal his conviction and the resulting sentence and waived his right "to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or otherwise, including any claims of ineffective assistance of counsel" (DN 165, Paragraph 13). Carpenter signed the written plea agreement on August 9, 2006 (DN 165 at Page 11). Immediately above his signature is an attestation that he carefully reviewed every part of the plea agreement with his attorney, he fully understood it and voluntarily agreed to it (DN 165 at Page 11). Carpenter's attorney also signed the plea agreement on August 9, 2006 (DN 165 at Page 12). Immediately above defense counsel's signature is an attestation that he carefully reviewed every part of the plea agreement with Carpenter and to his knowledge Carpenter's decision to enter into the plea agreement is an informed and voluntary one (DN 165 at Page 12).

The undersigned conducted a change of plea hearing on August 11, 2006 (DN 168, 169). During the change of plea hearing Carpenter advised the undersigned of his desire to

withdraw his previously entered pleas of not guilty and enter pleas of guilty as to Counts 1, 5, 6, and 25 of the superseding indictment pursuant to a Rule 11(c)(1)(B) plea agreement with the United States (DN 165, 168, 169 and DN 304, Transcript of Change of Plea Hearing at Pages 3-34). After examining Carpenter, under oath, the undersigned found him to be competent to enter the pleas; the pleas were knowing, voluntary and with the advice of counsel; he understood his Constitutional rights and waived them; and a factual basis for the pleas had been established (DN 168, 169 and DN 304 at Pages 3-34). Pursuant to the undersigned's recommendation (DN 169), the District Judge accepted Carpenter's guilty pleas as to Counts 1, 5, 6, and 25 of the superseding indictment (DN 175).

Notably, during the change of plea hearing there was colloquy involving Carpenter that addressed the waiver provision in Paragraph 13 of the plea agreement (DN 304 at Pages 20-21). Carpenter confirmed his understanding that he was giving up his right to collaterally attack his conviction and sentence as well as his right to assert a claim of ineffective assistance of counsel (DN 304 at Pages 20-21).

On February 27, 2007, Carpenter filed, *pro se,* a motion to withdraw his guilty plea (DN 271). On March 1, 2007, Carpenter filed, *pro se*, a motion to remove his attorney and to withdraw his guilty plea (DN 279). The United States filed responses to both motions (DN 293, 294) and filed a motion for leave to present argument during the April 2, 2007 hearing scheduled by the District Judge (DN 295). During the April 2, 2007 hearing, Carpenter informed the Court that he did not wish to proceed with either of his *pro se* motions (DN 319, Transcript at Pages 2-5). Based on Carpenter's statements during the hearing the District Judge denied both of his *pro se* motions as moot (DN 308). Additionally, during the April 2, 2007 hearing Carpenter indicated he

wished to proceed to sentencing (DN 319, Transcript at Pages 2-4).

On September 17, 2007, the Court conducted a sentencing hearing (DN 402). The Court imposed a sentence of 240 months as to each of Counts 1, 5, 6, and 25 in the superseding indictment, to be served concurrently with each other, for a total term of 240 months imprisonment (DN 402). Carpenter did not appeal his conviction or sentence.

On September 19, 2008, Carpenter filed his § 2255 motion (DN 500). In Ground 1 Carpenter argues that he received ineffective assistance of counsel because trial counsel failed to effectively object and challenge an improper calculation of his sentence (DN 500). In Ground 2 Carpenter asserts he received ineffective assistance of counsel because trial counsel failed to file a notice of appeal and, as a result, Carpenter was unable to present his sentencing claim to the Sixth Circuit on direct appeal (DN 500).

Notably, pursuant to General Order No. 2008-01, the Court on its own initiative is considering a recalculation of Carpenter's sentence in light of the retroactive crack cocaine amendment to the Drug Quantity Table at Section 2D1.1 of the Sentencing Guidelines (DN 472, 517). The Court has appointed counsel to represent Carpenter in that matter (DN 517).

CONCLUSIONS OF LAW

A

In order to obtain relief under 28 U.S.C. § 2255 on the basis of non-Constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 512 U.S. 339, 354 (1994); United States v. Todaro, 982 F.2d 1025, 1028

4

(6th Cir.) (*per curiam*), cert. denied, 508 U.S. 943 (1993). In order to obtain relief under § 2255 on the basis of a Constitutional error, the record must reflect an error of Constitutional magnitude that has a substantial and injurious effect or influence on the proceedings. Brecht v. Abrahamson, 507 U.S. 619, 637-638 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir. 1994).

B

The undersigned will now address the issue of whether Carpenter's § 2255 motion is barred as a result of the waiver provision at Paragraph 13 in the plea agreement. Pursuant to Paragraph 13, Carpenter waived the right to file a § 2255 motion attacking his sentence directly or by asserting a claim of ineffective assistance of counsel (DN 165 at Paragraph 13). The Sixth Circuit has consistently held that a defendant's knowing, intelligent, and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable. See e.g., Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999). Additionally, in Davila v. United States, 258 F.3d 448, 451 (6th Cir. 2001), the Sixth Circuit held "[w]hen a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bring [sic] a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255."

By signing the written plea agreement Carpenter attested to knowingly, intelligently, and voluntarily agreeing to all of its terms (DN 165 at Page 11). Furthermore, Carpenter's answers to the Court's questions during the change of plea hearing indicate he knowingly, intelligently, and voluntarily waived his right to collaterally attack his sentence (DN 304, Transcript of Change of Plea Hearing at Pages 20-21). In sum, pursuant to a provision within the plea agreement Carpenter is precluded from bringing his § 2255 motion. For this reason, the United States' motion to dismiss

should be granted.

Since the undersigned recommends the Court dismiss the § 2255 motion on a procedural ground, Carpenter must satisfy both prongs of the test articulated in <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-485 (2000), to be entitled to a Certificate of Appealability. To satisfy the first prong of this test, Carpenter must demonstrate "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." <u>Id.</u> at 484. To satisfy the second prong he must show "jurists of reason would not find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u> Notably, the Court need not conduct the two-pronged inquiry in the order identified or even address both parts if Carpenter makes an insufficient showing on one part. <u>Id.</u> at 485. For example, if the Court determines that Carpenter fails to satisfy the procedural prong then it need not determine whether the Constitutional prong is satisfied. <u>Id.</u>

For the reasons set forth above, a plain procedural bar exists that jurists of reason would not find debatable. <u>Id.</u> at 484. Therefore, the undersigned recommends that a Certificate of Appealability be DENIED as to Carpenter's § 2255 motion.

<u>RECOMMENDATION</u>

For the foregoing reasons, it is recommended that the United States' motion to dismiss (DN 506) be GRANTED and that Carpenter's motion pursuant to § 2255 be DISMISSED. It is further recommended that a Certificate of Appealability be DENIED.

## NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within ten (10) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be filed within ten (10) days or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, U.S. 140 (1984).

Copies: